★ MAY 0 5 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
========================================

ADVANCED READY MIX CORP.,

Plaintiff,

v.

NORTHFIELD INSURANCE COMPANIES,

Defendant.
========================================

**10  2048**

Civil Action No.

IRIZARRY, J.

BLOOM, M.J.

Pursuant to 28 U.S.C. §§ 1441(a) and 1446, defendant Northfield Insurance Company (sued incorrectly as Northfield Insurance Companies), by and through its attorneys, Kenney Shelton Liptak Nowak LLP, hereby provides notice of removal of this action from the New York Supreme Court, Kings County, to this Court, and in support thereof states:

1.    Plaintiff Advanced Ready Mix Corp. ("Advanced") is a New York corporation with a principal place of business in Brooklyn, New York.

2.    Defendant Northfield Insurance Company ("Northfield") is an Iowa corporation with a principal place of business in Minnesota.

3.    On or about March 12, 2010, Advanced filed its summons and complaint in this action (attached as Exhibit A) in New York Supreme Court, Kings County.

4.    Northfield was served with the summons and complaint via service on the New York State Insurance Department on April 19, 2010.

5.    Upon information and belief, the summons and complaint attached as Exhibit A is the only process or pleading in this action to date.

6.    In its declaratory judgment action complaint, plaintiff seeks a declaration that Northfield is obligated to defend and indemnify Advanced under a policy of insurance Northfield issued to Advanced in a personal injury action styled <u>Anthony Richards v. Advanced Ready Mix Corp.</u> venued in New York State Supreme Court, Kings County under Index No. 9105/09.

7.    Northfield removes this action pursuant to 28 U.S.C. § 1332(a)(1) based upon complete diversity among the parties and an amount in controversy that exceeds $75,000.

8.    Notice of filing of this Notice of Removal, along with this Notice of Removal, will be promptly filed with the Clerk of the New York Supreme Court, Kings County, and service of this Notice of Removal will be promptly served on the adverse party.

Dated:    April 30, 2010

Respectfully submitted,

KENNEY SHELTON LIPTAK NOWAK LLP

Judith Treger Shelton, Esq. (Bar Roll No. 501875)
Jesse J. Cooke, Esq. (Bar Roll No. JC3611)

510 Rand Building
14 Lafayette Square
Buffalo, New York 14203
Tel.: (716) 853-3801
Fax: (716) 853-0265
JTShelton@kslnlaw.com
JJCooke@kslnlaw.com

*Attorneys for defendant*
*Northfield Insurance Company (sued incorrectly as*
*Northfield Insurance Companies)*

To:    Elliot S. Martin, Esq.
       *Attorney for Plaintiff*
       16 Court Street – Suite 2304
       Brooklyn, New York 11241

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.: 6437/2010

-----------------------------------------------------------------X

ADVANCED READY MIX CORP.,

**SUMMONS**

                                        Plaintiff,

Plaintiff designates Kings County as
the place of trial

           -against-

The basis of the Venue is
Domicile of Plaintiff
P.O. Box 733
Brooklyn, NY  11237

NORTHFIELD INSURANCE COMPANIES,
                         Defendant.

County of Kings

-----------------------------------------------------------------X


SUPREME COURT OF THE STATE OF NEW YORK

To the above named Defendants:

   **You are hereby summoned** to serve an Answer, on the Plaintiff's Attorney(s) within 20
days after the service of this summons, exclusive of the day of service (or within 30 days after the
service is complete if this summons is not personally delivered to you within the State of New
York); and in case of your failure to Answer, judgment will be taken against you by default for the
relief demanded in the notice set forth below.

Dated: Brooklyn, New York
        March 12, 2010

                              Yours, etc.


                              Elliott S. Martin, Esq.
                              Attorney for Plaintiff
                              Office and Post Office Address
                              16 Court Street - Suite 2304
                              Brooklyn, New York 11241


Defendants' address:

Northfield Insurance Companies
385 Washington Street
St. Paul Minnesota, 55120

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X

ADVANCED READY MIX CORP.,

                   Plaintiff,

     -against-

NORTHFIELD INSURANCE COMPANIES,
               Defendant.
-------------------------------------------------------------X

Index No.:     /2010

COMPLAINT

Plaintiff, Advanced Ready Mix Corporation, by its attorney, Elliott S. Martin, for its complaint herein, alleges:

## IDENTITY OF PARTIES

1. Plaintiff is a corporation incorporated under the laws of the State of New York.

2. Plaintiff has with a principal place of business in Brooklyn, New York

3. Upon information and belief, defendant is and at all times hereinafter mentioned was a corporation organized and existing under and by virtue of the laws of the State of Iowa.

4. Upon information and belief, defendant is and at all times hereinafter mentioned was a corporation organized and existing under and by virtue of the laws of the State of Minnesota.

5. Upon information and belief, defendant is and at all times hereinafter mentioned was a corporation organized and existing under and by virtue of the laws of another state in the United States.

6. Plaintiff's principal place of business is at 385 Washington Street, St. Paul Minnesota.

## BACKGROUND

7. On or about April 14, 2009, Anthony Richards ("Richards") commenced an action by service of a summons and complaint upon plaintiff, Advanced Ready Mix Corp. ("The Personal Injury Action")

8. The Personal Injury Action was brought in New York State Supreme Court in Kings County.

9. Plaintiff incorporates the complaint in the Bodily Injury Action by reference into this present action..

10. A copy of the bodily injury action is attached hereto as **EXHIBIT A ("The Bodily Injury Complaint").**

11. The Bodily Injury Complaint alleges that plaintiff is responsible for injuries sustained by Richards.

12. On information and belief, Richards actually sustained certain bodily injuries as are alleged in the Bodily Injury Action.

13. On information and belief, the injuries complained about in the Bodily Injury Action were sustained on August 27, 2007.

14. In the Bodily Injury Action Richards seeks a judgment in excess of the jurisdictional amount of all courts other than the Supreme Court of the State of New York.

15. On information and believe, the occurrences complained of in the Bodily Injury Action took place on August 27, 2007.

16. As of that date, Defendant insured Plaintiff under a commercial general liability insurance policy ("the Policy").

17. The Policy was in effect on August 27, 2007.

18. Plaintiff expended substantial sums to purchase the Policy.

19. Plaintiff had paid all monies due Defendant under the terms of the Policy as of August 27, 2007.

20. Plaintiff has performed all the conditions required on its part by the Policy.

21. Pursuant to the terms of the policy, Defendant is obligated to defend plaintiff in the Bodily Injury Action up to the Policy limits.

22. Pursuant to the terms of the Policy, Defendant is obliged to pay full the cost of the defense of the Bodily Injury Action.

23. Pursuant to the terms of the Policy, Defendant is obligated to investigate the claims asserted by Richards against Plaintiff.

24. Pursuant to the terms of the Policy, Defendant is obligated to indemnify Plaintiff for sums which Plaintiff pays, or may become liable to pay, as damages in the Bodily Injury Action.

2

25. On information and belief, the Bodily Injury Action was commenced through filing of a Summons and Complaint with the Kings County Clerk on April 14, 2009.

26. Subsequent to its filing, plaintiff was served with the Complaint.

27. Plaintiff had no actual knowledge of the Bodily Injury Action until service of the Complaint in that action.

28. Until the service of the Complaint plaintiff had no knowledge that plaintiff was intending to assert a claim against it for the bodily injuries sustained in the alleged incident of on or about August 27, 2007.

29. Plaintiff had no reason to believe an action based on the facts alleged in the Personal Injury Action would be commenced naming it as defendant before it was served with the Summons and Complaint in that action.

30. Until the service of the Complaint, plaintiff had no reasonable ground to believe that it was going to be deemed by Richards to be an entity that could be liable for his bodily injury.

31. Defendant received actual notice of the Personal Injury Action by receiving a copy of the summons and complaint in that action on or about April 23, 2009.

32. Defendant was timely notified of the Personal Injury Action.

33. Any delay in notifying Defendant of the Personal Injury Action was *de minimus*.

34. Defendant was not prejudiced by any minor delay in being notified of the complaint in the Personal Injury Action.

35. By letter dated May 20, 2009, defendant declined to provide plaintiff with any defense in the action brought by Richards.

36. This letter is annexed as **EXHIBIT B.**

37. Plaintiff is being wrongfully deprived of the benefits and protection provided for it under the Policy issued by Defendant.

38. Defendant's refusal to provide a defense to the Complaint in the Bodily Injury Action is a violation of its contractual obligation to plaintiff.

39. Defendant's refusal to indemnify plaintiff to the Complaint in the Bodily Injury Action is a violation of its contractual obligation to plaintiff.

3

40. Plaintiff has no adequate remedy at law because it will continue to be damaged in amounts not presently ascertainable.

## AS AND FOR A FIRST CAUSE OF ACTION

41. Plaintiff repeats and re-alleges paragraphs 1 through 35 as if fully set forth at length.
42. Plaintiff is entitled to a judicial determination that Defendant is obligated under the terms of the Policy to defend Plaintiff in the Personal Injury Action.
43. Plaintiff is entitled to a judicial determination that defendant is obligated under the terms of the Policy to investigate the facts and circumstances alleged in the complaint in the Personal Injury Action.
44. Plaintiff is entitled to a judicial determination that Defendant is obligated under the terms of the Policy to pay the cost of the claims asserted against Plaintiff in connection with the allegations contained in the Personal Injury Action.
45. Unless and until the respective rights of Plaintiff and Defendant are declared by this Court, plaintiff will be deprived of the benefits and protection provided for it under the Policy.
46. Plaintiff has no adequate remedy at law because it will continue to be damaged in amounts not presently ascertainable.

WHEREFORE, Plaintiff respectfully requests a Judgment from this Court:
   a) Declaring that Defendant is obligated to defend Plaintiff in the Personal Injury Action;
   b) Declaring that Defendant is obligated to investigate the facts and circumstances complained about in the Personal Injury Action;
   c) Declaring that Defendant is obligated to pay any costs incurred by Plaintiff in the Personal Injury Action;
   d) Declaring that Defendant is obligated to pay any settlement or judgment which might be found against Plaintiff in the Personal Injury Action;
   e) Entering judgment against defendant for the costs of this declaratory judgment action; and

4

f)   Granting such other and further relief as to the court may seem just, along with the fees
and costs of this action, and statutory interest.

Dated: Brooklyn, New York
       March 12, 2010


                                          _____
                                          Elliott S. Martin, Esq.
                                          Attorney for Plaintiff
                                          16 Court Street, Suite 2304
                                          Brooklyn, New York 11241
                                          Tel. (718) 855-0400
                                          Fax (718) 858-2101

To:
Northfield Insurance Companies
385 Washington Street
St. Paul Minnesota, 55120


5

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
———————— ————————————X
ANTHONY RICHARDS,

                              Plaintiff,            Index No.:

        - against -
                                                    **VERIFIED COMPLAINT**
ADVANCED READY MIX CORP.

                              Defendant.
———————— ————————————X

        Plaintiff, by his attorneys, Kressel, Rothlein, Walsh & Roth, LLC, complaining of Defendant

respectfully shows

        1.      At all times hereinafter mentioned Plaintiff is a resident of the County of Nassau, State

of New York.

        2.      That at all times hereinafter mentioned Plaintiff was an employee at Rapid Ready Mix,

Inc. (hereinafter "Rapid").

        3.      That said Rapid is a New York domestic corporation.

        4.      That Plaintiff was paid as a full time employee at all times hereinafter mentioned by said

Rapid.

        5.      That at all times hereinafter mentioned Advanced Ready Mix Corp. is a New York

domestic corporation.

        6.      That Advanced Ready Mix Corp. (hereinafter "Advanced") has offices and/or

facilities at 39 Ingraham Street, Brooklyn, New York (the "Facilities" or "Facility").

1

7.    That Plaintiff was on occasion sent by his employer at Rapid to Advanced's Facility.

8.    That while Plaintiff was at Advanced he performed certain tasks as instructed by employees of Advanced.

9.    That upon information and belief Advanced manufacturers concrete, cement and similar products.

10.   That Plaintiff, when he was sent to Advanced by his employer at Rapid was required to sweep and shovel the area directly beneath Advanced's plant.

11.   That on or about August 27, 2007 Plaintiff was at the Advanced Facility.

12.   That Plaintiff was at the Advanced Facility on August 27, 2007 because he had been directed by his employer at Rapid to be there and to follow the instructions of employees of Advanced.

13.   That on August 27, 2007 Plaintiff was instructed by an employee of Advanced to remove a large stone from an operating machine called a stacker.

14.   That said stacker was owned, operated and managed by Advanced.

15.   That said stacker was part of the Advanced Facility and was used in the production of cement and similar products.

16.   That on August 27, 2007 while Plaintiff was following instructions of an employee of Advanced Plaintiff was injured.

17.   That Plaintiff was required to climb underneath the stacker on August 27, 2007.

18.   That said stacker included a moving conveyor belt.

19.   That the said stacker had rotating blades.

20.   That while Plaintiff was going about this task as instructed by an employee of Advanced

2

the right corner of his pants were pulled into the blade of the stacker.

21.   That Plaintiff was pulled into the rotating blade by the entrapment of his right pants leg for a significant period of time.

22.   That Plaintiff sustained injuries to both of his legs.

23.   That finally Plaintiff, after sustaining progressive injuries for a number of minutes was pulled out of the machine.

24.   There were no Off controls, no warning, no emergency stops on the stacker where Plaintiff worked.

### As and For a First Cause of Action

25.   Plaintiff repeats each and every allegation of paragraphs 1 - 24 as if set forth herein and at length.

26.   That the Defendant, its agents, servants and/or employees were reckless, careless and negligent in the ownership, operation, maintenance, management and control of said Facility in carelessly, recklessly and negligently allowing the Facility to be, become and remain in an unsafe, defective, hazardous and dangerous condition; in causing, permitting and allowing said Facility to become and remain in an unsafe, hazardous condition; in failing to warn Plaintiff of the unsafe, dangerous, hazardous condition of the Facility so as to allow it to take proper safety precautions although Defendant had knowledge or should have had knowledge that the Facility was in an unsafe, dangerous, hazardous condition; in failing to provide a safe environment and work place; in failing to provide a safe workplace for Plaintiff; in failing to protect the health and safety of Plaintiff; in causing, allowing and permitting the aforesaid dangerous and defective condition to be and remain for a long and

3

unreasonable length of time under the circumstances then and there existing; in failing to comply with the laws, rules, regulations, ordinances, statutes and codes then and there in effect; all of which was known to the Defendant; it . agents, servants and/or employees or could and should have been known by them in the exercise of reasonable care of the Defendant.

27.     That the Plaintiff intends to rely upon the principals of *res ipsa loquitur* at the time of trial of this action, and alleges that the stacker and attached machinery on the Premises was within exclusive control of the Defendant, and that the injuries sustained by the Plaintiff therefrom would not have occurred if reasonable care had been used by said Defendant and that the Plaintiff was free from fault.

28.     That as a consequence of Defendant's negligence as set forth herein, Plaintiff was severely injured.

29.     That the Plaintiff's injuries and the damages Plaintiff sustained exceed the monetary limit of all other Courts that would otherwise have jurisdiction of this case.

### As and For a Second Cause of Action

30.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 - 29 as though set forth herein and at length.

31.     That Defendant violated the following statutes of the New York State Labor Law including Labor Law § 200 and § 241/6, § 27, § 27-a, § 255, § 316.

32.     That Defendant failed to protect Plaintiff by not providing a safe environment and work place.

33.     That Defendant failed to install stop switches or emergency stop switches or provide a

4

guard on the cement making machine including the stacker leaving it unguarded, trap-like, dangerous, and an obvious threat to life and limb, in failing to adequately safeguard a foreseeably hazardous area without adequate communication and with the control area approximately 700 feet away out of the line of sign, all of which failures could reasonably be anticipated by Defendant.

34.     That Defendant violated Chapter 12 NYCRR, including § 23-9.2; § 23-9.3; § 23-9.11.

35.     That Defendant violated Chapter 12 NYCRR including § 8-1.1; § 8-1.29.

36.     That as a consequence of Defendant's negligence and violation of the aforestated enumerated statute, and regulations the Plaintiff was severely injured, suffered, still suffers and will continue to suffer and will continue to require medical aid and attention.

37.     That Plaintiff's injuries and the damages Plaintiff sustained exceed the monetary limit of all other courts that would otherwise have jurisdiction of this case.

#### As and For a Third Cause of Action

38.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 - 37 as though set forth herein and at length.

39.     That Defendant violated the following Federal Regulation, to wit: Chapter 29 Code of Federal Regulation s the Occupational Safety and Health Administration Act inter alia 29 CFR 1910.212, 29 CFR 1910.219 and other provisions of the said Act.

40.     That as a consequence of violation of these Regulations by Defendant, Plaintiff was severely injured, suffered, still suffers and will continue to suffer and will continue to require medical aid and attention.

5

41.     The Plaintiff's injuries and the damages Plaintiff sustained exceed the monetary limit of

all other courts that would otherwise have jurisdiction of this case.

WHEREFORE, Plaintiff requests judgment on the First, Second and Third causes of action as

determined by the tier of the facts and for such other relief as seems proper.

Dated: Massapequa, New York
       April 2, 200[illegible]

_____
Stephen Kressel
KRESSEL, ROTHLEIN, WALSH & ROTH, LLC
*Attorneys for Plaintiff*
684 Broadway
Massapequa, New York 11758
(516) 798-5363

6

## VERIFICATION

STATE OF NEW YORK      )
                                            :ss.:
COUNTY OF NASSAU      )

       ANTHONY RICHARDS, being duly sworn, deposes and says:

       That deponent is Plaintiff herein; that deponent has read the foregoing COMPLAINT

and knows the contents thereof; that the same is true to deponent's own knowledge, except as to

the matters therein stated to be alleged on information and belief; and that as to those matters

deponent believes it to be true.

                        **ANTHONY RICHARDS**

Sworn to before me this
2nd    day of April 2009

Notary Public

STEPHEN KFESSEL
c. State of New York
in Nassau County
CKR220;000
Commission Expires 7/31/20___

6

EXHIBIT B

May. 22. 2009  1:19PM    Northland Ins Co    651-310-4053                    No. 8316   P.  2/7



**INSURANCE**

365 Washington Street
Mail Code 9275 -SB03N
St. Paul, MN  55102-1309

May 20, 2009                          **CERTIFIED MAIL AND FAX**

MR ROCCO MANZIONE PRESIDENT
ADVANCED CONCRETE LEASING CORP
ADVANCED READY MIX CORP
239 INGRAHAM AVENUE
BROOKLYN NY 11237

Re:

| | |
|---|---|
| Our Insured: | Advanced Concrete Leasing Corp., Advanced Ready Mix Corp. |
| Our Claim Number: | 23,CP539008-01 |
| Date of Loss: | August 27, 2007 |
| Claimant: | Anthony Richards |

Dear Mr. Manzione:

This letter will acknowledge receipt of the suit papers in the matter of <u>Anthony Richards Against Advanced Ready Mix Corp.</u>, which was filed in the Supreme Court of the State of New York, County of Kings.

The lawsuit was filed with the court in April 2009 and received by Northfield on April 23, 2009. This was Northfield Insurance Company's first notice of this claim.   This matter was submitted for consideration under the commercial general liability policy Northfield issued to Advanced Concrete, policy number CP539008, effective from July 17, 2007 to July 17, 2008.

The Complaint alleges that Anthony Richards is an employee of Rapid Ready Mix ("Rapid") and that he was injured while on the property of Advanced Concrete Leasing/Advanced Ready Mix ("Advanced") while following the direction of an Advanced employee. There is evidence that Richards was, in fact, an employee of Advanced.

For reasons discussed more fully below, Northfield must deny coverage and disclaim any obligation to defend or indemnify Advanced under the referenced policy of insurance in connection with this matter.

We draw your attention to that section of the policy titled, COMMERCIAL GENERAL LIABILITY COVERAGE FORM, CG 00 01 (12/04), SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, which is modified by CONTRACTORS COMBINATION ENDORSEMENT – NEW YORK, S2691-CG (6/06), which states:

This endorsement modifies insurance provided under the following:

Mr. Rocco Manzione, President
May 22, 2009
Page 2

COMMERCIAL GENERAL LIABILITY COVERAGE PART

AMENDMENT OF INSURING AGREEMENT – KNOWN INJURY OR
DAMAGE

Insuring Agreement 1., under SECTION I, COVERAGE A, of the
COMMERCIAL GENERAL LIABILITY COVERAGE FORM is replaced
by the following:

1.    **Insuring Agreement**

We will pay those sums that the insured becomes legally obligated to
pay as damages because of "bodily injury" or "property damage" to
which this insurance applies. We will have the right and duty to defend
the insured against any "suit" seeking those damages. However, we will
have no duty to defend the insured against any "suit" seeking damages
for "bodily injury" or "property damage" to which this insurance does not
apply. ...

The policy contains the two following relevant exclusions:

EMPLOYERS LIABILITY EXCLUSION AMENDMENT

A.   Exclusion 2.e. Employer's Liability of COVERAGE A- BODILY INJURY
AND PROPERTY DAMAGE LIABILITY (SECTION I-COVERAGES) is
deleted and replaced by the following:

e. **Employer's Liability**

"Bodily injury" to:

(1)    Any "employee" of the named insured arising out of and in the
course of:

(a)    Employment by the named insured; or

(b)    Performing duties related to the conduct of the
named insured's business; or . . .

This exclusion applies:

(1)    Whether the insured may be liable as an employer or in any
other capacity.

(2)    To any obligation to share damages with or repay
someone else who must pay damages because of

Mr. Rocco Manzione, President
May 22, 2009
Page 3

the injury.

(3)     To any liability assumed by the insured under an "insured
contract."

**EXCLUSION – EMPLOYEE, LEASED WORKER, TEMPORARY WORKER,
VOLUNTEER WORKER, OR CONTRACTED PERSONS**

This insurance does not apply to "bodily injury," "property damage," "personal
and advertising injury," or medical expense sustained by any person who is:

(1)     an "employee," "leased worker," "temporary worker," "volunteer worker",
or

(2)     contracted with you or any insured for services, or

(3)     employed by, leased to or contracted with any entity that is:

(a)     contracted with you or with any insured for services, or

(b)     contracted with others on your behalf for services.

It is our position there is no coverage under **COVERAGE A** of your Commercial General
Liability Coverage Form, for the injuries or damages claimed by Anthony Roberts because the
injuries were:

- to an "employee," or "volunteer worker,"
- to a person contracted with Advanced or on Advanced's behalf for services; or
- to an employee of Advanced and conducting business on behalf of Advanced.

Please next refer to that part of the policy identified as **SECTION V – DEFINITIONS**, for the
definition of "bodily injury," "employee," "property damage," and "volunteer worker.

Please next refer to **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**,
which states:

2.  **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

a.  You must see to it that we are notified as soon as practicable of an
"occurrence" or an offense which may result in a claim.  To the extent
possible, notice should include:

(1)     How, when and where the "occurrence" or offense took place;

(2)     The names and addresses of any injured persons and witnesses; and

Mr. Rocco Manzione, President
May 22, 2009
Page 4

    (3)  The nature and location of any injury or damage arising out of the "occurrence" or offense.

  b.  If a claim is made or "suit" is brought against any insured, you must:

    (1)  Immediately record the specifics of the claim or "suit" and the date received; and

    (2)  Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  c.  You and any other involved insured must:

    (1)  Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    (2)  Authorize us to obtain records and other information;

    (3)  Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

    (4)  Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply. ...

    d.  No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

We have made numerous attempts to contact you to conduct an investigation into this matter but you have not returned phone calls and even failed to show for a meeting with an independent adjuster that we hired to investigate this matter on behalf of Northfield Insurance.

It is our position there is no coverage under COVERAGE A of your commercial general liability policy for the damages claimed because you failed to:

- Promptly notify us of an occurrence which may result in a claim, including how, when and where the incident took place; the names and addresses of any insured persons or witnesses; or the nature and location of any injury or damage arising out the incident; or

- Promptly notify us in writing when you first became aware of the claim or when suit was filed against Advanced; or

Mr. Rocco Manzione, President
May 22, 2009
Page 5

- Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;" or

- Cooperate with us in the investigation of this matter.

Because there is no coverage for this claim, we are unable to handle this matter on your behalf or pay any sums you may be legally obligated to pay as damages, or defend this suit filed against you.

Neither this letter nor Northfield's investigation of these matters shall be construed as an admission of liability or as a waiver of any coverage defense or limitation that is available to Northfield, pursuant to the provisions of its insurance policies or by operation of law. In addition to the policy defenses discussed above, other defenses may be available to Northfield by operation of law. Northfield reserves any legal and policy defenses it may have in connection with these matters whether or not expressly stated in this letter. Finally, Northfield reserves the right to modify its coverage position at any time upon receipt of additional information.

Should you wish to provide us with any additional information which you deem relevant to your request for coverage, or which you feel impacts upon the position this company has taken with respect to coverage, we will be happy to promptly review and consider any such materials.

Sincerely,

Lee E. Laursen
Specialty Claims
Northfield Insurance Company

LEL/ad/052009

CC

Stephen Kressel
Kressel, Rothlien, Walsh & Roth LLC
684 Broadway
Massapequa, New York 11758

Rapid Ready Mix
46 Knickerbocker Avenue
Brooklyn, New York 11237

Risk Placement Services Inc
50 West Hawthorne Avenue
Valley Stream, New York 11580

The Schaefer Agency Inc
201 Main Street

May. 22. 2009  1:20PM    Northland Ins Co   651-310-4053          No. 8316   P. 7/7

Mr. Rocco Manzione, President
May 22, 2009
Page 6

Smithtown, New York 11787